UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                      (Chapter 13)

Dennis Scott Grabow, and                                   Case No. 04-33547-svk
Theresa Ann Grabow,
                    Debtors.

MEMORANDUM DECISION

Walworth State Bank (the "Bank") objected to confirmation of the Debtors' chapter 13 plan. Most of the Bank's objections were withdrawn or overruled when the Debtors proposed a modified plan contemplating the sale of their residence. One objection remains: the plan treats the claim of Walworth County for real estate taxes as a priority claim, and does not propose to pay post-petition interest on the claim. However, Walworth County filed a secured claim, not a priority claim, and the Bank points out that the real estate tax claim primes the Bank's mortgage on the Debtors' residence. The Trustee does not oppose confirmation of the plan, contending that Walworth County has not claimed post-petition interest on its claim and has not objected to the plan.

Contrary to the Trustee's contention, a review of the claim reveals that post-petition interest is indeed included in an attachment to the proof of claim. The attachment shows that the County's claim as of September 2004 is $6,155.05. As of October 2004, the claim is $6,235.94, and as of November 2004 it is $6,316.82. Although the face of the claim uses the September number of $6,155.05, that is understandable, given the claim form's instruction (in bold print) to give the "Total Amount of Claim at Time Case Filed." The Debtors filed this Chapter 13 case on September 20, 2004. The claim also states that it is secured by real estate valued at $225,000.

The County's failure, if any, was to neglect to add the words "plus post-petition interest" on the face of the claim.

The Debtors erred in classifying the claim as a priority claim rather than a secured claim. That mistake is understandable too, as § 507(a)(8) of the Bankruptcy Code provides an eighth priority for property taxes assessed before the commencement of the case and last payable without penalty within one year before the petition. 11 U.S.C. § 507(a)(8) (2005). However, the priority for taxes is expressly reserved for *unsecured* claims.[1] The County's claim is secured by a lien under § 70.01 of the Wisconsin Statutes, and, with exceptions that are not relevant here, the County's real estate tax lien is "superior to all other liens." Wis. Stat. § 70.01 (2004).

Since the County's claim is fully secured by the value of the real estate, under Bankruptcy Code § 506(b), the County is entitled to interest on its claim. Also, § 1325(a)(5)(ii) gives the County a right to interest on its allowed secured claim, so that the value of the payments received over the term of the plan equals the present value of the claim as of the effective date of the plan.[2] The Debtors' plan does not provide payment of post-petition interest, but the County has not objected. Instead, the Bank has filed an objection, concerned that the unpaid interest will continue to accrue, eroding the Bank's collateral position.

The Trustee contends that since the County has not filed an objection to confirmation, the County has accepted the plan, but the cases cited by the Trustee are distinguishable. In *In re Szostek,* for example, the debtor and secured creditor were engaged in an aggravated dispute over

---

[1] Bankruptcy Code § 507(a)(8) provides priority status for allowed "unsecured claims of governmental units."

[2] A priority claimant, by contrast, must be paid in full, but is not entitled to interest on its claim in Chapter 13 cases. 11 U.S.C. § 1322(a)(2).

2

whether the creditor had violated the Truth in Lending Act. 886 F.2d 1405 (3rd Cir. 1989). In the midst of the controversy, and in the absence of any objection, the debtor obtained confirmation of a plan which clearly indicated that no interest would be paid on the secured creditor's claim. Three days later (apparently unaware that the plan had been confirmed) the creditor filed an objection to the plan. The claim objection was resolved, but four months after confirmation, the creditor sought to vacate the order confirming the plan. The bankruptcy court denied the creditor's motion to vacate the plan, the district court reversed, but the court of appeals reversed the district court, holding that the creditor was deemed to have accepted the plan by failing to object prior to confirmation. *Id.* at 1413.

The court of appeals in *Szostek* relied heavily on the policy that a confirmed plan is final and binds the debtor and creditors whose claims are provided for in the plan. That concern is not present here. As stated by the District Court for the Eastern District of Pennsylvania:

> *Szostek* is inapplicable in the instant case. Whereas the creditor in *Szostek* did not object to the plan prior to confirmation, the creditor here did. Therefore, the need for finality i.e., to protect the integrity of a confirmed plan against post-confirmation challenges, which informed the judgment of the *Szostek* Court, is missing in this case. Since compliance with § 1325(a)(5)(B)(ii) is mandatory and the Creditor objected to the Plan prior to confirmation, the bankruptcy court was not permitted to confirm the Plan over Creditor's objection.

*In re Haas*, 203 B.R. 573, 576 (E.D. Pa. 1996). Similarly, the *Hebert* case relied on by the Trustee involves a post-confirmation motion for contempt against the IRS, when, several years after confirmation, the IRS attempted to collect interest on its tax lien; the confirmed plan provided no interest would be paid on the tax claim. 61 B.R. 44 (Bankr. W.D. La. 1986). Unlike *Szostek* and *Haas*, in this case, an objection has been filed to confirmation of the plan; and the plan has not been confirmed.

Case 04-33547-svk    Doc 45    Filed 04/04/05    Page 3 of 6

Moreover, *Szostek's* application is questionable in the Seventh Circuit. In *In re Carr*, 318 B.R. 517 (Bankr. W.D. Wis. 2004), the court confirmed a plan without objection, even though the plan did not propose enough payments to provide for full payment of an allowed secured claim. On a motion to vacate the confirmation order, the court held: "A plan whose terms violate the Code cannot be allowed to trump a presumptively valid secured claim." *Id*. at 521.

The *Carr* court cited *In re Escobedo*, 28 F.3d 34 (7th Cir. 1994), in which the Seventh Circuit Court of Appeals refused to uphold a confirmed plan that did not propose to pay in full a priority claim. The priority creditor had not objected to the plan prior to confirmation. *Carr* stated: "In *Escobedo*, the Seventh Circuit appears to have rejected the 'you snooze, you lose' doctrine. There would be no justice in applying that doctrine here." *Carr*, 318 B.R. at 521.

While this case is admittedly distinguishable from *Carr* and *Escobedo*, in that a secured tax claim, rather than a home mortgage arrearage or priority claim, is at stake, the distinction does not require a different result. Our plan has not been confirmed, a creditor (albeit not the County) has objected, and this court has an independent obligation to ensure that plans comply with the requirements of Chapter 13. 11 U.S.C. § 1325(a); *In re Jacobs*, 43 B.R. 971, 975 (Bankr. E.D. N.Y. 1984).

In *Still v. State of Tennessee, Dept. of Revenue (In re Rogers)*, the bankruptcy court confronted issues similar to those here. 57 B.R. 170 (Bankr. E.D. Tenn. 1986). The State of Tennessee filed a proof of claim for unpaid sales taxes and attached a copy of a tax lien. The debtor classified the claim as a priority claim. The real estate securing the tax lien was sold by the chapter 13 trustee, and the state attempted to amend its claim to add penalties and post-

4

petition interest. The bankruptcy court acknowledged the confusion that can arise when a priority claim is also secured, and noted, "Since the plan in this case did not treat the State's claim as secured, perhaps it should not have been confirmed, but that is not the question before the court." *Id.* at 173. The court acknowledged that a secured claim could be treated as an unsecured claim – and denied post-petition interest – but "the plan itself or with the schedules should reveal why the claim is in fact not allowable as secured under § 506(a)." *Id.* at 172. In *Rogers,* neither the plan nor the schedules gave any reason why the claim was not entitled to fully secured status. The court stated:

> If the plan had originally provided for a sale of the collateral, the State would have been entitled to the claim plus postpetition interest up to the time of the sale. The proof of claim, however, need not have included a request for payment of the postpetition interest in order for it to be paid from the sale proceeds. The amount to be paid on the claim would be determined only after the sale. The plan has in effect been modified to provide for sale of the collateral. The court will allow the postpetition interest for this reason and also because the plan's failure to treat the claim as secured was not justified and apparently happened through confusion or mistake.

*Id*. at 174 (citation omitted). *See also In re King*, 290 B.R. 641, 649 (Bankr. C.D. Ill. 2003) (to eliminate a lien in a confirmed chapter 13 plan under § 1327(c), the plan must, at a minimum, clearly and accurately characterize the creditor's claim).

In this case, the plan does not accurately classify the County's claim, and the plan and the schedules do not reveal why the County's claim should not be allowed as a fully secured claim entitled to post-petition interest. It appears that the County is indeed entitled to such interest, with its superior lien on real estate worth well in excess of the amount of the delinquent taxes. In order to deny the County the post-petition interest, the Debtors' plan and/or schedules should clearly and specifically state why this claim, which appears on its face to be fully secured, is not

5

entitled to be paid interest as required by Bankruptcy Code § 506(b).  Since the plan did not treat the County's claim as secured, the plan should not be confirmed under § 1325(a)(5).

The Trustee's brief raises the issue of the appropriate interest rate for real estate tax claims.  Under *In re Schneider,* the interest, not the penalty portion, is appropriately charged as part of the allowed secured claim.  162 B.R. 199, 202 (Bankr. E.D. Wis. 1993).  The modified plan in this case can be confirmed only if the plan is amended to provide interest of 1% per month on the Walworth County tax claim until the claim is paid in full from the sale of the residence.  A separate Order will be entered sustaining the Bank's objection to the Plan.

Dated: April 4, 2005

By the Court:

*Susan Kelley*
Susan V. Kelley
U.S. Bankruptcy Judge

6